IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STACIE A. LENOIR                                                                            PLAINTIFF

VS.                                                    CIVIL ACTION NO: 1:15CV214-SA-DAS

FRED'S STORES OF TENNESSEE, INC.                                            DEFENDANT

## ORDER

This matter is before the court on defendant's motion (#12) to strike plaintiff's jury demand. For the reasons set forth below, the court finds that it should be denied.

## BACKGROUND

On December 17th, 2015, plaintiff Stacie Lenoir filed her complaint, which included a jury trial demand. Defendant Fred's Stores of Tennessee, Inc. filed the present motion, arguing that plaintiff executed an enforceable jury trial waiver that governs all claims relating to her employment. Specifically, defendant states that when plaintiff first began her job, she participated in an orientation where she received documents regarding the terms of her employment, which included the Team Member Handbook Statement ("handbook statement"). The handbook statement provides that employees waive their right to a jury trial in any litigation arising out of their employment.[1] Notably, the jury trial waiver provision immediately precedes the acknowledgement/signature line. Although contested, a signature bearing plaintiff's name appears on the signature line.

---

[1] **Waiver: READ CAREFULLY:**
 To the fullest extent allowed by law, I agree that; [sic]
 (i). I voluntarily waive and agree to waive trial by jury in all matters relating to my employment with Fred's.
   …
Doc. 29-1, p. 96.

Plaintiff's version of the facts differs markedly. According to her affidavit, plaintiff first received the handbook statement on October 28th, 2014, several months after her employment commenced, when defendant's pharmacy manager Justin Clark presented her with a write-up. After refusing to sign the write-up, she was given two other documents: a document listing her job duties and the handbook statement. Plaintiff does not dispute signing the two documents; however, she does not remember returning the signed handbook statement to Clark, and therefore, is not sure whether the signature on that document is her own. Even assuming *arguendo* that the signature is hers, plaintiff claims it is of no legal effect. According to her affidavit, plaintiff claims Clark mislead her as to what the document was: "Justin Clark stated to me that it was only something showing that I had received the handbook." Doc. 29-1, p. 83.

## **DISCUSSION**

Under the Seventh Amendment, a party in a suit at common law has a right to a trial by jury. U.S. Const. amend. VII. This right may only be waived in two circumstances: "either by express action or by failing to demand a jury trial within the requisite time." *Allstate Ins. Co. v. Community Health Center, Inc.*, 605 Fed. Appx. 269, 271 (5th Cir. 2015), citing *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir. 1980). "The right to a jury trial is fundamental, and courts must indulge every reasonable presumption against waiver." *Bowles*, 629 F.2d at 1095. Nevertheless, a party may contractually waive his or her right to a jury trial, but the waiver must be made in a knowing, voluntary and intelligent manner. *See Charles v. Nasser Heavy Equip., Inc.*, 2008 WL 3992648, at *2 (S.D. Miss. Aug. 22, 2008). In making this determination, courts consider the following factors: "(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate the contract terms; (4) whether

the clause containing the waiver was inconspicuous; and (5) whether the opposing party was represented by counsel." *Id*.

With respect to the first factor, the court finds there was a gross disparity in bargaining power between the parties. As a pharmacy technician for a large corporate entity, plaintiff had virtual no ability to exert influence over her employer. For instance, all the terms of her employment were laid out unilaterally in an employee handbook published by her employer.[2] For similar reasons, the court also finds plaintiff had no opportunity to negotiate the terms of her contract—factor three. Although plaintiff began her employment with Fred's Stores on August 20th, 2014, plaintiff did not receive or otherwise sign a handbook statement until October 28th, 2014. Therefore, the terms to which she "voluntarily" and "knowingly" agreed to by signing the handbook statement were not likely dickered before her employment commenced. Rather, it appears she was left with the unsavory decision of either agreeing to the employer's terms post hoc or facing possible termination.

There is also no evidence plaintiff had any prior business or professional experience that could have informed her decision when signing the waiver. Nor was she represented by counsel when she signed away her rights to a jury trial. Therefore, the only sophisticated party to this transaction was her employer. Consequently, factors two and four also weigh against striking plaintiff's demand for a jury trial.

The only factor that favors enforcing the jury trial waiver contained in the handbook statement is factor four—whether the clause containing the waiver was inconspicuous. The waiver was bolded, in all-caps, underlined and appeared immediately before the signature line.

---

[2] Various provisions in the Team Member Handbook Statement make it clear that employees have no bargaining power, such as "I understand that the Handbook and/or any policies or procedures may be modified at any time by FRED's, without notice to me" and "I have received each of the applicable matters stated above, have read each of the foregoing provisions and agree to abide by them, as may be amended by FRED'S, in its sole and absolute discretion." Doc. 29-1, p. 96.

The waiver was hardly inconspicuous. Nevertheless, considering plaintiff's uncontested allegations of Clark misrepresenting the nature of the handbook statement, along with the *Charles* factors overwhelmingly favoring the plaintiff, the court finds that plaintiff's demand for a jury trial should not be stricken.

IT IS, THEREFORE, ORDERED that defendant's motion [12] to strike plaintiff's demand for a jury trial is hereby denied.

SO ORDERED this, the 14th day of June, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE